**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RAYMOND B. CROOM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **5:26-CV-472 (CAR)** |
| | : | |
| **HOME DEPOT USA INC,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER REMANDING CASE

Because the Court must "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking[,]"[1] the Court conducted a *sua sponte* review of *pro se* Plaintiff Raymond B. Croom's Complaint originally filed in the Superior Court of Houston County and removed by Defendant Home Depot U.S.A., Inc.[2] As a district court may not hear a case when it lacks subject matter jurisdiction,[3] "a district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time."[4] Because the Court lacks

---

[1] *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted) (italics in original).

[2] On October 26, 2026, Plaintiff filed his Motion to Remand. Doc. 5. But the Court finds further briefing on the Motion to be unnecessary because Defendant made extensive arguments for why this Court has subject matter jurisdiction over this action in its Notice of Removal. *See* Doc. 1 at 3-6. Accordingly, the Court acts *sua sponte* in remanding this case under 28 U.S.C. § 1447(c).

[3] *See Univ. of S. Alabama*, 168 F.3d at 409; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[4] *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)) (italics in original); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

subject matter jurisdiction, this case is **REMANDED** to the Superior Court of Houston County under 28 U.S.C. § 1447(c). Accordingly, Defendant's Motion to Dismiss [Doc. 3] and Plaintiff's Motion to Remand [Doc. 5] are **DISMISSED as moot**.

**BACKGROUND**

On September 17, 2026, *pro se* Plaintiff Raymond Croom filed the instant Complaint against Defendant, his current employer, in the Superior Court of Houston County, Georgia, alleging Defendant failed to protect him from workplace threats and harassment causing him personal injuries.[5] The three-page Complaint asserts one state-law negligence claim.[6] Plaintiff attached 45 pages of exhibits,[7] including multiple medical records; his EEOC Charge stating Defendant discriminated against him because of his race and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and his age in violation of the Age Discrimination in Employment Act ("ADEA");[8] and his EEOC Notice of Right to Sue letter.[9] Seven days after filing his state court action, on September 24, 2026, Plaintiff, proceeding *pro se*, filed a separate action against Defendant in this Court asserting Title VII and ADEA claims arising from the same workplace threats and harassment.[10] On October 13, 2026, Defendant filed its Notice of Removal, contending this Court has federal question jurisdiction over the removed action because "Plaintiff's

---

[5] Doc. 1-1 at 4-7.
[6] *Id.* The Complaint's fourth page only contains Plaintiff's signature block. *Id.* at 7.
[7] *Id.* at 8-53.
[8] *Id.* at 21-22.
[9] *Id.* at 8-10.
[10] *Croom v. Home Depot Inc*, No. 5:26-CV-416-CAR, Doc. 1 (M.D. Ga. Sept. 24, 2026) (Complaint).

claims substantially rely on questions of federal law[,]" including Title VII, the ADEA, and the Occupational Health and Safety Act ("OSHA"), and the removed Complaint "demonstrates an intent to assert federal [law] claims[]" under Title VII and the ADEA.[11]

**STANDARD**

Removal to federal court is proper for "[a]ny civil action brought in State court of which the district courts of the United States have original jurisdiction."[12] Federal courts are courts of limited jurisdiction and only have the power to hear cases that they have been authorized to hear by the United States Constitution or the United States Congress.[13] Because federal jurisdiction is limited, the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.[14] As a district court may not hear a case when it lacks subject matter jurisdiction,[15] "a district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time."[16] And the party seeking to remove a case bears the burden of proving the existence of federal jurisdiction at the time of filing the notice

[11] Doc. 1 at 4-5.

[12] 28 U.S.C. § 1441(a).

[13] *Burns v. Winsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[14] *Id.*; *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) ("Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court.") (citations omitted).

[15] *See Univ. of S. Alabama*, 168 F.3d at 409; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[16] *Corp. Mgmt. Advisors, Inc.*, 561 F.3d at 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)) (italics in original); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

of removal.[17] Thus, to meet its burden, Defendant must show that Plaintiff's "[C]omplaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction."[18]

Defendant attempts to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331, which grants federal district courts "original jurisdiction of all civil actions arising under [federal law]."[19] In determining whether federal question jurisdiction exists, a court must look to the well-pleaded complaint alone.[20] "A case arise[s] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either [(1)] that federal law creates the cause of action or [(2)] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[21] Accordingly, "the mere presence of a federal issue in a state cause of action does not

---

[17] *See Williams v. Best Buy*, 262 F.3d 1316, 1319-20 (11th Cir. 2001); *see also Adventure Outdoors, Inc.*, 552 F.3d at 1294 ("Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court.").

[18] *Adventure Outdoors, Inc.*, 552 F.3d at 1295.

[19] 28 U.S.C. § 1331. The Court does not appear to have diversity jurisdiction under 28 U.S.C. § 1332 because neither the Complaint nor Defendant makes any allegation regarding the citizenship of the parties. *See* Doc. 1; Doc. 1-1 at 4-6.

[20] *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[21] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal quotation marks omitted). Most often, "[a] case arises under federal law when federal law creates the cause of action asserted." *Mignott v. State Bar of Georgia Found., Inc.*, 146 F.4th 1095, 1097 (11th Cir. 2025) (citation omitted). But "federal [question] jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citation omitted). Thus, "the 'arising under' gateway into federal court in fact has two distinct portals': (1) 'litigants whose causes of action are created by federal law,' and (2) 'state-law claims that implicate significant federal issues.'" *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012) (quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)).

automatically confer federal-question jurisdiction."[22] Under the well-pleaded complaint rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[23] Because "the rule makes the plaintiff the master of the claim[,] he or she may avoid federal jurisdiction by exclusive reliance on state law."[24]

**ANALYSIS**

Even when liberally construed, the Complaint on its face does not assert a federal law claim. Rather, Plaintiff asserts one state-law negligence claim against Defendant.[25] Plaintiff alleges Defendant (1) owed him "a duty to exercise reasonable care,"[26] (2) "breached [that duty]," and (3) "caused" him (4) "damages[,]"[27] and Plaintiff uses these essential elements of a negligence claim as headings to organize two-thirds of his Complaint.[28] By merely attaching his EEOC Charge and Right to Sue letter, Plaintiff does not assert Title VII and ADEA claims in his Complaint. Indeed, he asserts those federal law claims in the subsequent action that he brought in this Court.[29] On its face, the instant

---

[22] *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Gunn*, 568 U.S. at 258.
[23] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).
[24] *Id.* (citations omitted); *see also Merrell Dow Pharms. Inc*, 478 U.S. at 809 n.6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.") (citations omitted).
[25] Doc. 1-1 at 4-6.
[26] *Id.* at 5.
[27] *Id.* at 4 (alleging Defendant "owed [him] a duty of care, breached it, and directly caused [his] medical and financial injuries[]"); *JPMorgan Chase Bank, N. A. v. Durie*, 350 Ga. App. 769, 772 (2019) ("The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages[.]") (citations omitted).
[28] Doc. 1-1 at 5-6.
[29] *See Croom v. Home Depot Inc*, No. 5:26-CV-416-CAR, Doc. 1 (M.D. Ga. Sept. 24, 2026) (Complaint).

Complaint mentions neither Title VII nor the ADEA.[30] Because the Complaint does not mention race or sex, Plaintiff does not assert a Title VII claim.[31] And despite alleging his co-worker made unspecified "discriminatory age-related comments," "directed [an unspecified] discriminatory . . . statement towards [him][,]" and "subjected" him to unspecified "discriminatory conduct[,]"[32] Plaintiff does not assert an ADEA claim. The gravamen of Plaintiff's Complaint is that his co-worker made "threats of physical violence," and Defendant negligently "fail[ed] to take reasonable protective action after receiving actual notice of the threats[]"—not that his employer (or supervisor) discriminated against him because of his age.[33] The Complaint contains one reference to age without any explanation.[34] Moreover, in the Complaint's conclusion, Plaintiff clarifies that he "seek[s] recovery, to the extent permitted by applicable Georgia law, for all damages legally attributable to the conduct described in [the] [C]omplaint."[35] The Court will not construe a *pro se* plaintiff's complaint so liberally that it holds federal law claims are asserted when the complaint expressly rejects doing so.

Also, the Complaint's unclear reference to OSHA does not raise a substantial issue of federal law. Federal question jurisdiction exists over Plaintiff's state-law negligence

---

[30] Doc. 1-1 at 4-6.
[31] *Id.*
[32] *Id.*
[33] *Id.* It appears Plaintiff attached his EEOC Charge and Right to Sue Letter to support his allegation that he reported his co-worker's conduct, providing Defendant with actual notice of the threats. *Id.* at 8-10, 21-22.
[34] *See id.* at 4.
[35] *Id.* at 6.

claim only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[36] On its face, the Complaint only refers to federal law as follows: "OSHS [sic] specifically states that employees have the right to a workplace free from known workplace violence. OSHA's workplace-violence enforcement guidance considers whether [Plaintiff] was exposed to a foreseeable life-threatening condition[.]"[37] Plaintiff does not identify any OSHA statutory provision or regulation, relate Defendant's legal duty to OSHA or its regulations, allege Defendant violated OSHA or its regulations, or allege he suffered from actual workplace violence, as opposed to threats thereof.[38] Plaintiff's mention of OSHA does not raise a substantial issue of federal law.

## CONCLUSION

The Court lacks federal question jurisdiction over this case because the Complaint does not assert a federal law claim, and Plaintiff's state-law negligence claim does not raise a substantial federal law issue. Because the Court lacks subject matter jurisdiction, this case is **REMANDED** to the Superior Court of Houston County under 28 U.S.C. § 1447(c). Accordingly, Defendant's Motion to Dismiss [Doc. 3] and Plaintiff's Motion to Remand [Doc. 5] are **DISMISSED as moot**.

[36] *Gunn*, 568 U.S. at 258.
[37] Doc. 1-1 at 5.
[38] *Id.* at 4-6.

**SO ORDERED,** this 30th day of October, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT